UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEAU KUPFERBERG, BEAU
ENTERPRISES LLC,

                Plaintiffs,

       *– against –*

FREDDY BAEZ, HCL
TECHNOLOGIES, LIMITED d/b/a
HCLTECH, HCL AMERICA, INC.,
BARCLAYS INVESTMENT BANK,
BARCLAYS INVESTMENT BANK
DELAWARE, and ALLIED
UNIVERSAL SECURITY SERVICES,

                Defendants.

<u>**OPINION & ORDER**</u>

24-cv-08653 (ER)

<u>RAMOS, D.J.</u>:

       Beau Kupferberg ("Kupferberg") and Beau Enterprises LLC (collectively, "Plaintiffs") move to remand this action to the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1447(c), and for attorney's fees.  For the reasons set forth below, the motion to remand is GRANTED, and Plaintiffs' request for attorney's fees is DENIED.

## I.      BACKGROUND

       Kupferberg is an individual residing in North Bergen, New Jersey.  Am. Compl. ¶ 1.  He is the sole proprietor of Beau Enterprises LLC.  *Id.*  Beau Enterprises LLC provided services to Barclays Investment Bank and Barclays Investment Bank Delaware (collectively, "Barclays") where Kupferberg, through Beau Enterprises, worked as a Project Manager for technology relocation and other IT services.  *Id.*

       Barclays Investment Bank and Barclays Investment Bank Delaware (together, "Barclays") are investment companies that operate in New York County.  *Id.* ¶ 4.  HCL Technologies Limited, d/b/a HCLTech, ("HCL Limited") is an Indian information technology consulting company that operates through subsidiaries in New York County,

with an office at 623 5th Avenue.  *Id.* ¶ 2.  HCL America, Inc. ("HCL America") is a subsidiary of HCL Limited operating in New York County.  *Id.* ¶ 3.

Freddy Baez is a resident of and is domiciled in the state of New York.  Doc. 12 ¶ 4.  He is an employee of HCL Limited assigned to Barclays in New York City as the manager of the Break-Fix Team, overseeing laptop inventory.  Am. Compl. ¶ 5.  Allied Universal Security Services ("Allied") is a security company with offices in New York County.  *Id.* ¶ 6.

On July 5, 2023, Baez accused Plaintiffs of stealing 50 new laptops from Barclays and selling them on eBay.  *Id.* ¶ 12.  These accusations were communicated to the Allied security team at Barclays, including Mike Hanrahan and Paul Oh.  Kupferberg was immediately escorted out of the building and Plaintiffs were thereafter banned from Barclays' offices.  *Id.* ¶ 13.  Plaintiffs contend they only took laptops that were being discarded and returned them upon request, cooperating fully with a subsequent investigation conducted by Barclays that found no evidence of wrongdoing.  *Id.* ¶¶ 14, 17.  Despite the results of the investigation, Plaintiffs were terminated in March 2024.  *Id.* ¶ 16.  Baez allegedly continued to slander Kupferberg to former coworkers.  *Id.* ¶ 18.

Plaintiffs allege damages, including lost income, future lost wages, and emotional distress.  *Id.* ¶ 22.

## II.    PROCEDURAL HISTORY

Plaintiffs filed their original Complaint *pro se* as a "paper filing" on October 30, 2024, in New York State Supreme Court, New York County, and it is therefore considered a "paper case."  Doc. 23 at 2, 6.  Because it was filed as a "paper case," no electronic docket exists for the state action.

HCL America was served on October 30, 2024.  Doc. 23 at 2, 6.

Baez, who had not yet been served, removed the state court action to this Court, filing a notice of removal (the "Notice") on November 14, 2024.  Doc. 1.  The Notice invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Doc. 1 at 1.  At that time,

no defendant, including HCL America—the only defendant that had been served—had appeared.

The Notice alleged that diversity jurisdiction was appropriate because complete diversity existed under 28 U.S.C. § 1332(a). *Id*. at 2–3. Specifically, the Notice alleged that "[u]pon reasonable investigation," Barclays has its principal place of business and headquarters in London, United Kingdom, and no office in New Jersey, that Barclays Delaware has its principal place of business and headquarters in Wilmington, Delaware, and no office in New Jersey, and that Allied operates in New York County, has its principal place of business and headquarters in Conshohocken, Pennsylvania, and has no office in New Jersey. [1] *Id.* at 3. The Notice also alleged that Baez is a resident of and is domiciled in New York, that HCL Limited is an India corporation and has its principal place of business and corporate headquarters in Noida, India, and no office in New Jersey, and that "[u]pon reasonable investigation" HCL America has its principal place of business and corporate headquarters in Sunnyvale, California, and no office in New Jersey. *Id.*

At Plaintiffs' request, a pre-motion conference for leave to file the instant motion to remand was held on December 6, 2024. At that conference, counsel for the HCL Defendants inquired about filing an amended notice of removal "despite the expiration of the statutory 30-day period for removal." Doc. 26 at 3.

Baez, who still had not been served, filed an amended notice of removal (the "Amended Notice") on behalf of himself, HCL Limited, and HCL America on December 9, 2024. Doc. 23 at 3. The Amended Notice stated that, at the time of its filing, only HCL America had been served. Doc. 12 ¶¶ 6, 14, 17. It also indicated that HCL America and HCL Limited consented to the removal. *Id.* ¶ 9. As with the initial Notice, the Amended Notice stated that the citizenship allegations for Barclays Investment Bank and Barclays

---

[1] The allegations in the Amended Notice are "upon information and belief" instead of "upon reasonable investigation." *See* Doc. 12 at 3–4.

Investment Bank Delaware  were based "upon information and belief" or "reasonable investigation."[2]  *Id.* ¶¶ 12–18.

HCL America and HCL Limited filed Rule 7.1 Corporate Disclosure Statements on December 10, 2024.  Docs. 14, 15.  HCL Limited stated that it is a publicly traded company on the Indian Stock Exchange.  Doc. 23 at 11.  Specifically, HCL limited is a "public limited company in India, which is a form of corporation that is publicly traded in the stock market."  *Id.*  They also provided a California Secretary of State website entry identifying HCL Limited as an Indian "Stock Corporation - Out of State."  *Id.*  The defendants argue this official designation proves HCL Limited is structured like a corporation that issues stock, not an LLC, which is a key distinction in determining its citizenship for the court's jurisdictional analysis.[3]

Plaintiffs filed the instant motion to remand on December 30, 2024, Docs. 21 and 22, arguing that:  (1) all defendants did not consent to removal within the statutory thirty-day period; (2) Barclays and Allied have not filed Rule 7.1 disclosure statements, impacting the Court's ability to determine subject matter jurisdiction; and (3) the Amended Notice was untimely and ineffective.  Doc. 22 at 7, 12.

Baez and HCL America filed their opposition on January 13, 2025.  Doc. 23.

Plaintiffs filed their reply on January 27, 2025.  Doc. 26.  They assert that Allied was served prior to December 9, 2024 and has appeared in this action but has not

---

[2] The Amended Notice does not include allegations of Allied's citizenship.  The Amended Notice also notes that Allied had not been served with the summons and Complaint, but that "[u]pon information and belief, it would consent to the removal of this action although its consent is not needed since it is a nominal defendant.  Doc. 12 at 4.

[3] For purposes of jurisdictional analysis, an LLC's citizenship "is determined by reference to the citizenship of its members," *Catskill Litigation Trust v. Park Place Entertainment Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006), whereas a corporation's citizenship is based on its place of incorporation and principal place of business.  *Berkshire II Real Est. Holdings, LLC v. Centro Hispano Daniel Torres, Inc.*, No. 12-cv-3936 JGK, 2012 WL 2152827, at *1 (S.D.N.Y. June 13, 2012).

opposed remand, joined in the opposition, or expressed consent to the removal.[4]  Doc. 26
at 5.

### III.    LEGAL STANDARD

#### A.  Removal Jurisdiction

Federal courts are courts of limited jurisdiction.  A defendant may remove a civil
action from state court to federal court if the action is one over which the federal court
would have had original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The defendant, as the
party seeking removal and asserting federal jurisdiction, bears the burden of
demonstrating that removal is proper.  *See California Public Employees' Retirement
System v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

Federal courts must "strictly construe the federal removal statute, resolving all
doubts in favor of remand."  *Vasura v. Acands*, 84 F.Supp.2d 53, 535 (S.D.N.Y. 2000)
(internal quotation marks omitted).  Lack of subject matter jurisdiction cannot be waived
and "may be raised at any time by a party or by the court *sua sponte*."  *Lyndonville
Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *Arbaugh v.
Y&H Corp.*, 546 U.S. 500, 506 (2006).  If subject matter jurisdiction is lacking, the
action must be remanded.  28 U.S.C. § 1447(c).

For a federal court to exercise diversity jurisdiction pursuant to 28 U.S.C. §
1332(a), there must be complete diversity of citizenship between the plaintiffs and
defendants, meaning "no plaintiff and no defendant who are citizens of the same State."
*U.S. Bank National Association as trustee for the RMAC Trust, Series 2016-CTT v.
Desrosiers*, No. CV 17-7338 (AKT), 2021 WL 2662042, at *9 (E.D.N.Y. Mar. 31, 2021).
Additionally, the matter in controversy must exceed the sum or value of $75,000.  28
U.S.C. § 1332(a).  Diversity of citizenship must be "distinctly and positively averred."
*Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d

---

[4] Allied first appeared in this action on January 14, 2025 when it, through counsel, filed a letter requesting
an extension of the deadline to answer or otherwise respond to the Complaint.  Doc. 25.

Cir. 1996).  As the Second Circuit has explained, the citizenship of a corporate entity "is determined by its place of incorporation or its principal place of business."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994).  Allegations of citizenship made "on information and belief" are generally insufficient.  *See Devone v. Finley*, No. 13-cv-00377 (CSH), 2013 WL 3243136, at *3 (D. Conn. June 26, 2013) (ordering the "[p]laintiff to state in detail the source and grounds for his information and belief that at the time at which his Complaint was filed.").

Jurisdiction is assessed based on the facts at the time of removal.  *WorldCom*, 368 F.3d at 93.  Parties cannot confer subject matter jurisdiction by consent or "where the Constitution and Congress have not."  *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

### B. Snap Removal

An action otherwise removable solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This rule is inapplicable until a home-state defendant has been "properly joined and served."  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (citing 28 U.S.C. § 1441(b)(2)).  Thus, removal may occur before any forum defendant has been served.  *Id.* at 705.  Formal service, not mere notice that an action has been filed, triggers defendant's obligations.  *McFarlane v. Iron Mountain Inc.*, No. 17-cv-3311 (DLC), 2017 WL 2703574, at *1 (S.D.N.Y. June 22, 2017); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).  Indeed, the term "snap removal" refers to a situation where a defendant removes a case to federal court before the plaintiff can serve the in-state defendant, snapping it away before the forum defendant rule can kick in.  If the forum defendant has not been served, then the removal bar does not apply.  So, a non-forum co-

6

defendant (or even the forum defendant itself, if fast enough) can remove the case before service is effectuated.

### C.  Rule of Unanimity for Removal & Nominal Party Doctrine

All defendants who have been "properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This is known as the "rule of unanimity."  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).  Each defendant must "independently notify the court of its consent."  *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (internal citations omitted); *Cole v. City of New York*, No. 19-cv-8376 (JMF), 2020 WL 3618422, at *2 (S.D.N.Y. July 2, 2020).  It is "insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents…and that the removing defendant may represent such consent to the Court on its behalf."  *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).  Consent must be communicated directly to the court in writing.  *See Berrios v. Our Lady of Mercy Medical Center*, No. 98-cv-4167 (AGS), 1999 WL 92269, at *2 (S.D.N.Y. Feb. 22, 1999).  Failure to obtain such consent is a fatal procedural defect.  *Cole*, 2020 WL 3618422, at *4; *see also L.Y.E. Diamonds Ltd. v. Gemological Institute of America Inc.*, No. 16-cv-827 (PAE), 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 27, 2017) ("[F]ailure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case.") (internal citations omitted).  Exceptions exist if a defendant was not served, is nominal, or the claim is separate and independent. *Metropolitan Transportation Authority v. United States Fidelity & Guaranty Co.*, No. 14-cv-7278 (KPF), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 13, 2015).  While it is not necessary for every defendant to sign the removal petition itself, most courts have required each defendant to submit some form of unambiguous written evidence of consent to the court within the thirty-day period.  *Payne*, 172 F.Supp.2d at 477.

Nominal party status arises out of the nature of a party's relationship to the case. *Heller v. New York City Health and Hospital Corp.*, No. 09-cv-6193 (LTS) (GWG), 2010 WL 481336, at *3 (S.D.N.Y. Feb. 1, 2010). "A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action could be stated against him." *Zerafa v. Montefiore Hospital Housing Co.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005*)*. A party is considered a nominal party when it has "little or no interest in the outcome ... and 'no cause of action or claim for relief is or could be stated against [it].'" *Novovic v. Greyhound Lines, Inc.*, No. 08-cv-3190 (CPS), 2008 WL 5000228, at *3 (E.D.N.Y. Nov. 19, 2008) (quoting *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y. 1996)). The removing party bears the burden, and doubts favor remand. *Nannuzzi v. King*, 660 F.Supp. 1445, 1449 (S.D.N.Y.1987). A defendant is not nominal if it has "control of, impact on, or stake in the controversy." *Lincoln Property. Co. v. Roche*, 546 U.S. 81, 93 (2005).

## IV.    DISCUSSION

Plaintiffs advance three primary arguments for remand: (1) "snap removal" was improper because a forum defendant, Allied, was served prior to removal, (2) the lack of unanimous consent from all properly served defendants; and (3) Defendants failed to adequately plead complete diversity of citizenship, thereby failing to establish subject matter jurisdiction.

While the Court finds that removal was proper under the snap removal doctrine and that the subsequent Amended Notice of Removal was not defective, the Court ultimately concludes that Defendants failed to satisfy the rule of unanimity since Allied is not a nominal party and that they also failed to sufficiently plead diversity of citizenship.

### A.  Snap Removal

The primary basis for removal is the "snap removal" doctrine, which the Court finds was appropriately invoked here. The forum defendant rule, 28 U.S.C. § 1441(b)(2), ordinarily prohibits removal on diversity grounds if any properly served defendant is a

citizen of the forum state—in this case, New York.  However, the Second Circuit has made it clear that this prohibition is not triggered until a forum defendant has been "properly joined and served."  *Gibbons*, 919 F.3d at 705–06.  Defendants argue that they removed this action before any of the potential New York forum defendants (Allied, the Barclays entities, or Baez) were served.  Doc. 23 at 5, 9.

The record supports Defendants' position.  The critical inquiry is whether a forum defendant was properly served prior to the filing of the Amended Notice of Removal on December 9, 2024.  Doc. 12.  The burden of proving that service was effectuated rests with the Plaintiffs.  Here, Plaintiffs have failed to meet that burden.  They offer no affidavit of service or other formal proof.  Instead, they rely on a vague assertion of "contact from Allied's counsel" prior to the removal date.  Doc. 26 at 5.  Such informal contact, however, may constitute notice that a defendant is aware of the lawsuit, but does not establish formal service of process sufficient to trigger the forum defendant rule.  *See Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding that a party is not required to take action until formally served).  It is not at all unusual for a party to be aware that an action has been commenced against him prior to being formally served.  After all, Plaintiffs here do not contest that Baez removed the case—and thus, was *aware* of the case—before he was served.

Given the lack of formal proof from Plaintiffs, the Court finds that service on Allied had not been served at the time the Amended Notice was filed on December 9, 2024.[5]  Because no New York forum defendant was properly served at the time of removal, the prohibition in § 1441(b)(2) is inapplicable.  Removal was therefore proper under *Gibbons* and its progeny.

---

[5] Allied's attorneys allege that Allied was not served until December 11, 2024.  Doc. 23 at 10.

**B.  Amended Notice and Consent to Removal**

Having found snap removal proper, the Court also finds no defect in the subsequent Amended Notice of Removal, or in the consent provided therein, but finds that Allied is not a nominal party.  Plaintiffs argue that the Amended Notice, filed on December 9, 2024, was untimely because it fell outside the thirty-day window following service on HCL America.  Doc. 22 at 7, 12.  This argument is unpersuasive.

Under 28 U.S.C. § 1653, both trial and appellate courts have authority to allow litigants to amend defective allegations of jurisdiction.  While this statute does not permit a party to add entirely new grounds for removal after the thirty-day period has expired, courts generally permit amendments that clarify or correct allegations in a timely-filed original notice.  *See* 28 U.S.C. § 1653.  Additionally, "[a] petition for removal may be amended freely within the statutory 30–day period calculated from the date of service of the initial state court pleading."  *CBS Inc. v. Snyde*r, 762 F. Supp. 71, 73 (S.D.N.Y. 1991).  Here, the original Notice was timely filed on November 14, 2024.  Doc. 1.  The Amended Notice did not assert a new basis for jurisdiction; it merely amplified the existing diversity claim and, crucially, included the consent of the sole party that had been served, HCL America.  Doc. 12 ¶ 9.  The Court finds this to be a permissible amendment.

This conclusion informs the analysis of the rule of unanimity, which requires that all defendants who have been "properly joined and served" consent to removal.  28 U.S.C. § 1446(b)(2)(A).  As established in the preceding section, the record supports that only one defendant, HCL America, had been served at the time of removal and at the time the Amended Notice was filed.  Doc. 23 at 7.  Plaintiffs have not met their burden to prove otherwise.  Because only HCL America was served, its consent was the only consent required to satisfy the rule.  It is undisputed that HCL America provided its written consent to the Court.  Doc. 12 ¶ 9; Doc. 15.

Defendants also argue that Allied is merely a "nominal" defendant whose consent was not required because no actionable allegations were stated against it.  Doc. 23 at 9.

The burden of proving that a defendant is nominal falls on the party claiming nominal status. *Zerafa,* 403 F.Supp.2d at 325. On this issue, as with all statutory requirements for removal, any doubts must be resolved against removability and in favor of remand. *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981).

In determining whether a party is nominal, courts also consider whether, in the absence of the party, "the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiffs." *Patrick v. Porter-Cable Corp.*, No. 3:10–cv–131 (MRK), 2010 WL 2574121, at *4 (D.Conn. Apr. 1, 2010) (quoting *Stonybrook Tenants Association v. Alpert*, 194 F.Supp. 552, 559 (D.Conn. 1961)). For example, in *Patrick,* the Court rejected the argument that a defendant was nominal solely because he was indemnified by the co-defendant, because the defendants could be held jointly and severally liable for damages; therefore, the defendant "ha[d] a clear interest in the outcome of the case, and plaintiffs would be prejudiced if it were not a party." *Id.*

Here, Defendants' argument that Allied is a nominal party whose consent is not required fails. Plaintiffs' Amended Complaint alleges that Baez's false statements were communicated to "the Allied Universal security team at Barclays," including individuals Hanrahan and Oh, "leading to Plaintiffs being banned from the workplace and losing all access to their Barclays' account information and data," and that Kupferberg "was immediately escorted out of the building." Am. Compl. ¶ 13. It further alleges that "Defendants acted with actual malice." *Id*. While defendants characterize Allied's role as merely receiving a report, the Amended Complaint directly implicates Allied's personnel in the actions taken against Plaintiffs. Accordingly, Allied's consent, while not dispositive, was required.

Accordingly, the Court finds that the rule of unanimity was not satisfied, and the removal was procedurally defective for lack of consent.

### C.  Sufficiency of Diversity Jurisdiction Pleadings

Lastly, the Court finds that Defendants have failed to meet requirements for diversity jurisdiction under 28 U.S.C. § 1332(a), making remand appropriate.  Plaintiffs advance several arguments as to why defendants failed to meet the requirements for diversity jurisdiction, including that diversity jurisdiction is improper because HCL Limited "is structured or organized as an equivalent to either a corporation or a limited liability company under United States law."  Doc. 22 at 4 (internal quotation marks omitted).  Plaintiffs also argue that because the Notice and Amended Notice do not address whether Baez or any co-defendants are dual citizens of the United States the Court does not have diversity jurisdiction since "HCL Limited is alleged to be domiciled abroad."[6]  *Id.*  The Court does not find it necessary to address these arguments, as the dispositive issue here is whether Defendants' allegations regarding the citizenship of HCL Limited, HCL America, Barclays Investment Bank, Barclays Investment Bank Delaware, and Allied in the Notice and Amended Notice suffice given that they are based solely "[u]pon [Defendant's counsel's] reasonable investigation" or "upon information and belief."  Doc. 1 at 3; Doc. 12 at 3–4; Doc. 22 at 3–6.  The Court finds that Defendants have failed to meet their burden.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."  *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).  "Competent proof" means proof of a reasonable probability that diversity jurisdiction is satisfied.  *LaSala v. E*Trade Secs. LLC,* No. 05-cv-5869 (SAS), 2005 WL 2848853, at *3 (S.D.N.Y. 2005)*; see also Lis v. Lancaster*, No. 19-cv-1414 (JSR), 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019) (stating that the party asserting diversity jurisdiction must support its allegations by competent proof and holding that "the mere

---

[6] Plaintiffs' argument that Baez or any of his co-defendants *could* be domiciled abroad since Defendants do not explicitly state otherwise is purely speculative.

filing of a form listing a purported headquarters" is insufficient to meet this burden). Here, Defendants provide no details on the sources or grounds for their "information or belief" or what sources were consulted during the course of counsel's "reasonable investigation." *See Devone*, 2013 WL 3243136, at *3 (D. Conn. June 26, 2013) (ordering the "[p]laintiff to state in detail the source and grounds for his information and belief that at the time at which his Complaint was filed."). Defendants have therefore failed to affirmatively and sufficiently alleged complete diversity of citizenship. Plaintiffs motion for remand is therefore GRANTED.

## V.    ATTORNEY'S FEES AND COSTS

Plaintiffs request an award of attorneys' fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). That section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The inquiry is not whether the removal was ultimately unsuccessful, but whether the basis for removal was objectively unreasonable at the time of removal. *Id.* at 136, 141.

Here, defendants' removal was predicated on diversity jurisdiction. Doc. 1 at 1; Doc. 12 at 2. The Court ultimately finds this removal improper due to Defendants' failure to sufficiently plead complete diversity of citizenship. While Defendants' arguments were ultimately unpersuasive, the Court cannot conclude that they lacked an objectively reasonable basis for seeking removal. The determination of which parties were served and when, particularly in a paper-filed state court case, presented some initial ambiguity that defendants attempted to navigate. Doc. 23 at 2, 6–7. Defendants also advanced arguments regarding the nominal party status of Allied and the interpretation of corporate citizenship for HCL Limited. *Id.* at 7, 9, 10–13. While these arguments did not prevail

13

against the strict standards governing removal, they were not so devoid of color as to be objectively unreasonable.  There is no indication of bad faith or that removal was sought for an improper purpose.  *See Martin*, 546 U.S. at 136 (noting the statute does not create a strong presumption in favor of awarding fees).  Accordingly, the Court, in its discretion, declines to grant Plaintiffs' request for an award of attorneys' fees and costs.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand this action to the Supreme Court of the State of New York, New York County, is GRANTED.  Plaintiffs' request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Docs. 21 and 22, and remand this case to the Supreme Court of the State of New York, New York County.

It is SO ORDERED.

Dated:    August 13, 2025
          New York, New York

_____
         EDGARDO RAMOS, U.S.D.J.